IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| COREY TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 1:23-CV-00087 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| CHRIS BRUN, ET AL., | ) | |
| Defendants. | ) | |

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 27, "R&R") of the Magistrate Judge, which recommends that the Court deny Defendant Linda Thomas's motion to dismiss (Doc. No. 21, "Motion"). No objections to the R&R have been filed, and the time for filing objections has now expired.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> Defendant Thomas requests that the Court dismiss this case without prejudice and tax court costs to Plaintiff. See Memorandum in Support (Docket Entry No. 22) at 5. The sole basis for the motion to dismiss is Defendant Thomas's contention that the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), applies to Plaintiff's lawsuit because Plaintiff had three prior cases that qualified as strikes at the time the lawsuit was filed and because there were no allegations that he was under imminent danger of serious physical injury. (*Id.* at 3-5.) Defendant Thomas argues that Plaintiff should not therefore have been permitted to bring the lawsuit in forma pauperis and should have been required to pay the full civil filing fee in order for the lawsuit to proceed. (*Id.*) Defendant Thomas contends that three prior federal lawsuits filed by Plaintiff

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

> count as "strikes" under Section 1915(g) because the Process for Cindy Bell was returned unexecuted with a notation that she does not work at the Turney Center. See Docket Entry No. 16. Defendants Chris Brun, Russell True, Stacy Breece, and Jeremy Cotham have filed a notice of insufficient service, see Docket Entry No. 17, a matter that the Court will address by separate Order. A proof of service form was returned for Frank Strada, see Docket Entry No. 18, but he has yet to appear in the action through counsel or otherwise. 3 lawsuits were dismissed for failure to state a claim upon which relief can be granted. (*Id.* at 22.) These lawsuits are:
>
> 1. Taylor, Corey D. v. Al White, et al., Case No. 1:17-cv-05632, N.D. Ill., dismissed for failure to state a claim on October 6, 2017 (Docket Sheet, and Order of Dismissal attached hereto as composite Exhibit 1);
>
> 2. Taylor, Corey D. v. David L. Hoven, et al., Case No. 4:18-cv-00610-ACL, E.D. Mo., dismissed on May 8, 2018, for failure to state a claim (Docket Sheet and Order of Dismissal attached hereto as composite Exhibit 2); and,
>
> 3. Taylor v. Franklin County Jail, et al., Case No. 4:18-cv-00600, E.D. Mo., dismissed on May 8, 2018, for failure to state a claim (Docket and Order of Dismissal attached hereto as composite Exhibit 3).
>
> Plaintiff responds in opposition to the motion, arguing that the "three strikes" provision does not apply and that he has stated claims for relief that should proceed for further development. See Response (Docket Entry No. 24).

(Doc. No. 27 at 1-3). The Magistrate Judge concluded that Defendant Thomas's Motion should be denied because the prior dismissal of *Taylor v. White* does not qualify as a strike under Section 1915(g). Therefore, the Magistrate Judge reasoned, Defendant Thomas cannot show that Plaintiff had three prior cases that qualified as strikes at the time that Plaintiff was permitted to proceed *in forma pauperis* in this matter, as is required for Defendant Thomas's three-strikes argument to be successful.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party

may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court. No party has filed objections to the R&R, and the time to file objections with the Court has passed.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 27) is adopted and approved. Accordingly, Defendant Thomas's motion to dismiss (Doc. No. 21) is DENIED, and Plaintiff's claims against Defendant Thomas remain pending.

The Court notes that for whatever reason, Plaintiff reported the last name of Defendant Thomas as "Themes," (Doc. No. 5), and so the current case caption and various docket entries reflect the name "Themes." This now appears to be incorrect. Therefore, the Clerk is DIRECTED to amend the case caption, and any docket entries to the extent feasible, to change "Themes" to "Thomas."

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE