IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| COREY TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 1:23-cv-00087 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| CHRIS BRUN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Pending before the Court[1] is the report and recommendation (Doc. No. 49, "R&R") of the

Magistrate Judge, which recommends that the Court deny the "Motion for Declaratory/Injunctive

Relief" (Doc. No. 40, "Motion") filed by *pro se* Plaintiff, Corey Taylor. Plaintiff has filed

objections (Doc. No. 51, "Objections")[2] to the R&R.[3] For the reasons stated herein, the Court will

adopt the R&R in full.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who
authored the R&R.

[2] Although Plaintiff refers to his Objections as a "Motion in Opposition" to the R&R—which is a kind of
motion that is contemplated neither by any statute nor by any of the Federal Rules of Civil Procedure—the
Court construes the filing at Doc. No. 51 as objections to the R&R—a kind of filing that *is* contemplated
by Fed. R. Civ. P. 72(b).

   Herein, a given use of the term "Objections" may refer to the document (Doc. No. 51) itself, to the
purported objections contained therein (i.e., the "objections" to the R&R contained within the
"Objections"), or both.

[3] Typically, a party has 14 days to file objections to a report and recommendation issued by a magistrate
judge. Fed. R. Civ. P. 72(b)(2). However, Fed. R. Civ. P. 6(d) provides that an additional three days are
added to court deadlines when service is by mail, as occurred with service of the R&R to Plaintiff here. *See
also United States v. Hinz*, 126 F. Supp. 3d 921, 925 n.1 (N.D. Ohio 2015) ("Under Fed. R. Civ. P. 6(d),
three days must be added to the fourteen-day time period because Defendant was served the Magistrate
Judge's report by mail." (citing *Thompson v. Chandler*, 36 F. App'x 783, 784 (6th Cir. 2002))). So, Plaintiff
had 17 days in which to file his Objections to the R&R after the R&R was issued. And, because Plaintiff

The Court first will review the background underlying the instant action as well as the background of the Motion and the R&R. The Court next will provide a review of the legal standard for a district court judge's review of the report and recommendation of a magistrate judge, then discuss relevant content in the R&R. The Court will then analyze Plaintiff's Objections to the R&R and review (as necessary) any portions of the Magistrate Judge's R&R to which a proper objection was made by Plaintiff.

BACKGROUND

Plaintiff has not objected to the background sections (regarding the procedural history and underlying circumstances of this case as well as the circumstances underlying the instant Motion) set forth by the Magistrate Judge in the R&R. So, the Court adopts these background sections in their entirety and repeats them below:

> Corey Taylor ("Plaintiff") is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Turney Center Industrial Complex ("Turney Center") in Only, Tennessee. He filed this lawsuit *pro se* and in forma pauperis on December 27, 2023, seeking various forms of relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Turney Center. *See* Complaint (Docket Entry No. 1).
>
> Upon initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that Plaintiff stated colorable constitutional claims based on his allegations that prison officials have refused to provide him with mailing stamps and have also refused to provide him with necessary hygiene items and dental products since he arrived at the Turney Center in 2023. (Docket Entry No. at 6-8.) Plaintiff specifically alleges that he has been denied both the "hygiene kit" and free postage for legal mail that is normally given to indigent inmates and that what little money he has in his prison account from a prison job is debited on a monthly basis to pay off balances that are due in his account for the costs of legal copies and postage. (Docket Entry No. 1.) Plaintiff, who alleges that he suffers from an oral disease that necessitates treatment and care, asserts that he is left with no money in his prison account and cannot purchase either the hygiene items that he needs to care for his oral disease or postage stamps to send personal mail to his family. (*Id.*)

---

filed his Objections on October 3, 2025, 15 days after the R&R was issued on September 18, 2025, Plaintiff's Objections were timely made.

Of the seven Defendants for whom summons were issued, six have been served with process and have filed a joint answer to the complaint – TDOC Commissioner Frank Strada, TDOC Assistant Commissioner Linda Thomas, former Turner Center Warden Chris Brun, Turne Center Associate Warden Jeremy Cotham, and Turne Center employees Russell True and Stacy Breece. (Docket Entry No. 36.) A scheduling order has recently been entered providing the parties with deadlines for pretrial proceedings in the case. (Docket Entry No. 48.)

\*\*\*

In his [M]otion, Plaintiff contends that the events set out in his complaint are ongoing and continue to cause him harm. Specifically, he asserts that his prison trust fund account is regularly being debited for accrued costs for legal copies postage, meals, and state criminal court charges and that he has no funds with which to purchase dental hygiene items. Plaintiff alleges that, because prison officials will not provide him with an indigent hygiene kit, his oral disease has worsened, that he has regularly suffered pain from his oral disease, and that he has had to have a tooth extracted in April 2025 and two cavities filled. He maintains that he has complained and grieved to prison official to no avail, and he requests an order from the Court that prohibits prison official from charging him for legal services, meals, and criminal court fees and from deducting funds from his prison account or, alternatively, on order requiring prison officials to provide him with dental hygiene items. *See* Plaintiff's Memorandum (Docket Entry No. 40 at 5). Plaintiff supports his motion with his own declaration. (Docket Entry No. 41.)

Defendants respond by arguing that Plaintiff's supporting declaration was not sworn to and signed in the presence of a notary and therefore does not constitute an affidavit, which Defendants contend is required to support the request for a preliminary injunction. (Docket Entry No. 42.) Defendants contend that Plaintiff's motion should be denied because he has not strictly followed the procedural rules for obtaining a preliminary injunction. (*Id.*).

Plaintiff replies that Defendants have not actually rebutted his allegations or the substance of his motion and that his declaration is sufficient because he swore to the truthfulness of its contents under penalty of perjury. *See* Reply (Docket Entry No. 44).

(Doc. No. 49 at 1-3) (footnotes omitted).

### THE MAGISTRATE JUDGE'S R&R

As a threshold matter, the Magistrate Judge noted in the R&R that:

Federal Rule of Civil Procedure 65 governs requests for preliminary injunctions. In determining whether to grant a preliminary injunction, the Court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the

balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant an injunction is a matter within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

(Doc. No. 49 at 3-4). The Magistrate Judge then explained that:

"The purpose of a preliminary injunction is 'simply to preserve the status quo' during the litigation process." *Moms for Liberty - Wilson Cnty., Tennessee v. Wilson Cnty. Bd. of Educ.*, __ F.4th __, WL 2599923, at *9 (6th Cir. Sept. 9, 2025) (quoting United States v. Edward Rose & Sons, 384 F.3d 258, 261 (6th Cir. 2004)). A preliminary injunction is considered a preventive, prohibitory, or protective measure taken pending resolution on the merits, *see Clemons v. Board of Educ. of Hillsboro, Ohio*, 228 F.2d 853, 856 (6th Cir. 1956), and is considered extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). The burden rests with the movant to show that that the circumstances clearly demand the requested relief. *Overstreet v. Lexington– Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Learly v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

(Doc. No. 49 at 4). Turning to the analysis of Plaintiff's Motion, the Magistrate Judge found that:

Plaintiff's [M]otion does not merely seek to preserve the status quo in this case, but requests that the Court actively intervene in prison management decisions to provided him with affirmative relief prior to any resolution of his claims. The Court finds no basis supporting such extraordinary relief.

(Doc. No. 49 at 5). In support of this conclusion, the Magistrate Judge reasoned that:

Although Plaintiff presents an argument that is not unreasonable as to why he believes that he will succeed on his claims, his likelihood of success on the merits is no greater than that of Defendants at this point. This is especially so given the high bar that must be met to succeed on a constitutional claim. Additionally, although Plaintiff sets forth unrebutted allegations about the harm that he asserts he has suffered, he does not make a persuasive showing that he will suffer "irreparable harm" if the requested injunctive relief is not granted. As to the balancing of harms factor, while it would appear that the burden on Defendants to comply with an order directing that Plaintiff be provided with an indigent hygiene kit would not be significant, Plaintiff has not persuasively demonstrated that a public interest would

be advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

(Doc. No. 49 at 5). The Magistrate Judge then noted that:

> There is a "public interest in leaving the administration of state prisons to state prison administrators." *Rhinehart v. Scutt*, 509 Fed. App'x 510, 516 (6th Cir. 2013). Absent extraordinary and urgently compelling reasons, the Court will not intervene in the day-to-day operations in a correctional facility. *See e.g. Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) (setting forth various public policy concerns relating to court intrusion into prison administrative matters and holding that a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"); *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (noting that federal restraint into intrusion of a state penal institution is counseled); *Griffin v. Berghuis*, 563 Fed. App'x 411, 417-18 (6th Cir. 2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987)) (decisions concerning the administration of prisons are vested in prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive). Such reasons have not been shown by Plaintiff.

(Doc. No. 49 at 5-6) (footnotes omitted). Taken together, this led the Magistrate Judge to recommend that the Motion be denied.

LEGAL STANDARD FOR THE REVIEW OF REPORTS & RECOMMENDATIONS

When a magistrate judge issues a report and recommendation under Fed. R. Civ. P. 72(b), like the R&R, the district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.A. § 636(b)(1).[4] The district judge may accept, reject, or modify

---

[4] Significantly, and perhaps surprisingly, the statute does not actually direct the district judge to expressly rule on the objections themselves (i.e., expressly sustain or reject the objector's *specific* criticism(s) of what the magistrate judge did). Instead of requiring the district judge to determine *the* validity of the objections to what the magistrate judge did, the statute requires the district judge to make a determination—*de novo*, which inherently means ultimately without reference to whether what the magistrate judge did was objectionable—of the portion(s) of the report and recommendation to which objection was made. Moreover, since the review of the objected-to portions of the report and recommendation is *de novo*, any critiquing of what the magistrate judge did ultimately would be dicta (albeit relevant and probative dicta to the extent that such critiquing explains the analysis underlying the district judge's determination of the objected-to portions of the R&R). Additionally, district judges in this Circuit not infrequently either decline to rule (or, to the same effect, deny as moot) a particular objections on the specific ground that so doing is unnecessary

the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no proper objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are "proper" under Federal Rule of Civil Procedure 72(b). *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019). Furthermore, Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of a magistrate judge's report or proposed findings or recommendations to which an

---

to rule on the objected-to portion of the report and recommendation. *E.g., Collins v. Bright*, No. 213-CV-02987-JPM-CGC, 2021 WL 5205622, at *3 (W.D. Tenn. Nov. 9, 2021) ("[T]his objection does not affect or alter the conclusions of the Magistrate Judge and is overruled as moot."); *Lashuay v. Fornwalt*, No. 1:15-CV-1109, 2017 WL 4160947, at *1 (W.D. Mich. Sept. 20, 2017) ("This Court need not resolve all of the objections," because only some of them needed to be addressed in order to resolve the motion that was the subject of the report and recommendation); *Weatherspoon v. Williams*, No. 2:14-CV-108, 2016 WL 6070994, at *1 (W.D. Mich. Oct. 17, 2016) ("Plaintiff's objections are irrelevant and will be denied."); *Bowers v. Burnett*, No. 1:08-CV-469, 2011 WL 1047343, at *2 n.1 (W.D. Mich. Mar. 18, 2011) (noting that the Court need not resolve an objection to the extent that the objector's position on the R&R has other fatal deficiencies); *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 2598260, at *2 (E.D. Tenn. June 24, 2010) (Because this objection is irrelevant to [the magistrate judge's] recommendations, it is hereby overruled.") *Cline v. Kelly*, No. 09CV859, 2010 WL 1006529, at *9 (N.D. Ohio Mar. 16, 2010) ("The Court acknowledges [the petitioner's] objection, but need not resolve it because that specific fact is not relevant to the resolution of any of the grounds for relief set forth in the petitioner that the magistrate judge had recommended be denied").

Thus, although it seems clear that the district judge *can* expressly rule on the objections, the Court concludes that a district judge is not required to do so. And herein, the Court declines to do so, focusing instead on the required *de novo* review and determination of the objected-to parts of the R&R—albeit in part by taking account of any ways in which the objections shed light on what the Court's ultimate determination should be.

objection is made. *See* Fed. R. Civ. P. 72(b)(2); L.R. 72.02(a). Significantly, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations omitted) (internal quotation marks omitted). In other words, "the district court need not provide *de novo* review," or any other type of review, "where the objections are '[f]rivolous, conclusive or general,'" and therefore improperly made. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). *See also Ashraf*, 322 F. Supp. 3d at 881 ("The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made."); *Benson*, 2018 WL 6322332, at *3 (same).

<u>ANALYSIS OF PLAINTIFF'S OBJECTIONS AND REVIEW OF THE R&R</u>

As noted above, Plaintiff has filed Objections (Doc. No. 51) to the R&R. However, a review of the Objections reveals that they are, at least in part, comprised of those types of "[f]rivolous, conclusive or general" objections which do not require the Court to provide *de novo* (or indeed *any*) review of the R&R. *Mira*, 806 F.2d at 637. *See also Frias*, 2019 WL 549506, at *2 (noting that the filing of "vague, general, or conclusory objections" is "tantamount to a complete failure to object," and that an objection "that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in [the context of objecting to the report and recommendation of a magistrate judge]."). For example, the Objections include general assertions by Plaintiff that the Magistrate Judge "clearly ignored the rights of Plaintiff," (Doc. No. 51 at 3), and that the Magistrate Judge "erroneously used legal standards and improperly applied the law." (*Id.*). The

Objections also appear at times to simply restate what Plaintiff previously argued in his Motion. (Doc. No. 51 at 4). So, these portions of Plaintiff's Objections are improper, and accordingly these parts of the Objections do not entitle Plaintiff to *de novo* (or indeed *any*) review of any portion of the R&R. *Frias*, 2019 WL 549506, at *2 ("The failure to raise proper objections is equivalent to filing no objections at all and releases the Court from its duty to independently review the record.").

The above notwithstanding, Plaintiff does lodge a specific and written (and thus cognizable) objection with respect to the portion of the R&R where the Magistrate Judge recommended that the Motion be denied because:

> although Plaintiff sets forth unrebutted allegations about the harm that he asserts he has suffered, he does not make a persuasive showing that he will suffer "irreparable harm" if the requested injunctive relief is not granted.

(Doc. No. 49 at 5).

Specifically, Plaintiff argues that "the issues raised in his Complaint [(Doc. No. 1)] and in his [Motion] [are] ongoing and he has suffered injuries and harm which has been his . . . reason for seeking . . . relief." (Doc. No. 51 at 1). Plaintiff furthers argues that because "he made a showing of a serious medical condition," the Magistrate Judge erred in finding that Plaintiff "has not . . . already suffered irreparable harm but will continue to face the same harm if not granted such relief [as requested in the Motion.]" (Doc. No. 51 at 2). Thus, the Court will conduct a *de novo* review of that portion of the R&R (the portion quoted just above) because Plaintiff has lodged a specific, written, and proper objection as to that portion.

On *de novo* review, the Court finds (as did the Magistrate Judge) that Plaintiff has failed to "make a persuasive showing that he will suffer 'irreparable harm' if the requested injunctive relief is not granted." (Doc. No. 49 at 5). As this Court has previously noted, to show "irreparable harm, [a] [p]laintiff must demonstrate that it faces an imminent injury that is concrete, certain, immediate,

not speculative or theoretical, and incapable of being remedied by monetary damages" if the requested injunctive relief is not granted. *Netchoice v. Skrimetti*, No. 3:24-CV-01191, 2025 WL 1710228, at \*6 (M.D. Tenn. June 18, 2025). A review of Plaintiff's Motion demonstrates that he has not shown that he will suffer irreparable harm absent the granting of his requested injunctive relief. In relevant part, Plaintiff argues in the Motion that:

> Defendants [have] caused Plaintiff to suffer irreparable injuries [in the form of] tooth extraction . . . and tooth decay [among other injuries]. The Plaintiff . . . has suffered irreparable harm and still suffers irreparable harm and Plaintiff deeply believes that the granting of the injunction will stop these irreparable injuries from re-occuring and being suffered upon Plaintiff.

(Doc. No. 40 at 8). This will not do. Although Plaintiff has asserted that he has suffered past injuries (some of them potentially quite grievous), Plaintiff has not met the high burden of showing that he "faces an imminent injury that is . . . not speculative or theoretical." *Netchoice*, 2025 WL 1710228, at \*6. *See also Shangrila P'ship v. Lemos*, No. 25-1495, 2025 WL 3245076, at \*3 (6th Cir. Nov. 20, 2025) ("A hypothetical threat' of alleged irreparable harm does not warrant[ ] the extraordinary remedy of a preliminary injunction." (citations omitted) (internal quotation marks omitted)). Indeed, to the extent that Plaintiff in his Motion attempts to justify his assertion that he will suffer an irreparable injury absent his requested injunctive relief, he relies almost entirely on assertions that he has suffered a *past* injury. (Doc. No. 40 at 2, 5-6).This is insufficient for a plaintiff to show that it faces irreparable injury absent an injunction. *See e.g., Goodwin v. Hamilton*, No. 10-CV-11909, 2010 WL 4341705 (E.D. Mich. Sept. 29, 2010) ("It is well settled that [a] preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm." (quoting *RGIS LLC v. A.S.T. Inc.*, No. 07–10975, 2008 WL 878908, at \*2 (E.D. Mich. March 28, 2008))), *report and recommendation adopted,* No. 10-CV-11909, 2010 WL 4339500 (E.D. Mich. Oct. 27, 2010). In other words—as the Magistrate

Judge correctly discerned—Plaintiff has not shown that he will suffer irreparable harm absent his requested injunctive relief. Moreover, as noted above, Plaintiff has not lodged any other objections to the R&R entitling Plaintiff to *de novo* (or any other type of) review of the R&R, and the Court will therefore adopt and approve the R&R in its entirety.

<u>CONCLUSION</u>

Accordingly, for the reasons described herein, the R&R (Doc. No. 49) is adopted and approved in its entirety, and Plaintiff's Motion (Doc. No. 40) is **DENIED**.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE